IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALIOU DIALLO, A#-079-513-046 *
              Petitioner,
v.                             * CIVIL ACTION NO. JFM-15-3582

LORETTA LYNCH, *et al.* *
              Respondents.
                      *****

MEMORANDUM

I. Procedural History

For the second time in as many months, Aliou Diallo ("Diallo") has filed a self-represented 28 U.S.C. § 2241 petition for writ of habeas corpus.[1] According to the petition, filed on November 23, 2015, Diallo alleges that he has been housed in in Immigration and Customs Enforcement ("ICE") custody since October 10, 2014. He claims that he is being held custody beyond the expiration of the "90-day" removal period. ECF No. 1. Consequently, the court construes his challenge as invoking the due process dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001). The petition shall, however, be denied without prejudice.[2]

II.    Discussion

According to the petition, Diallo is a native and citizen of Guinea who entered the United

---

[1] On September 2, 2015, Diallo filed a similar petition. *See Diallo v. Lynch, et al.*, Civil Action No. JFM-15-2601 (D. Md.) The petition was dismissed without prejudice on September 10, 2015.

[2] Diallo did not submit the $5.00 federal habeas filing fee nor did he move to proceed in forma pauperis. Given the summary denial pf his petition, he shall not be directed to cure this omission.

States in 2000 as an "asylee" and did not adjust his status. ECF No. 1 at p. 3. He claims that in 2009 he was convicted of possession with the intent to distribute cocaine and possession with intent to distribute crack cocaine in Anne Arundel County, Maryland. *Id.* at p. 4. Diallo further alleges that in 2012, he was convicted and sentenced on counts of second-degree assault and fourth-degree burglary. *Id.* Diallo states that in October of 2014, the Maryland Division of Correction released him to an immigration detainer. ECF No. 1 at pg. 4. He contends that on December 11, 2014, the immigration court held an individual hearing on a deferral of removal under the Convention Against Torture ("CAT") petition[3] and denied relief on December 15, 2014. Diallo alleges that on July 31, 2015, the immigration judge terminated his Asylum status and ordered him removed to Guinea. Diallo waived his appeal rights and claims his removal order became final on July 31, 2015.

III. Analysis

Diallo's sole contention is that his continued immigration detention violates his due process rights as ICE has been unable to carry out his final order of removal. He claims that his removal to Guinea is not likely to occur within the reasonably foreseeable future and therefore, his detention exceeds "the reasonable limits of government's authority." The undersigned, however, finds that the petition does not currently provide grounds for habeas corpus relief.

After a removal order becomes final, ICE must detain the alien until he is removed for up to

---

[3] To qualify for protection under the CAT, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). To state a prima facie case for relief under the CAT, a petitioner must show that he will be subject to "severe pain or suffering, whether physical or mental ... by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §

ninety days (the "removal period").[4] *See* 8 U.S.C. § 1231(a)(2). Although § 1231(a)(6) appears to authorize discretionary indefinite detention of a removable alien beyond such period, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Court found that after an order of deportation became final, an alien may be held for a six-month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700. The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id.* at 697-99. In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was

---

1208.18(a)(1) (2012); *see Saintha v. Mukasey*, 516 F.3d 243, 246 & n. 2 (4th Cir. 2008).

[4] The ninety (90)-day period begins on the latest of (i) the date the removal order becomes administratively final; (ii) if the order is judicially reviewed and the court issues a stay of removal, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. *See* 8 U.S.C. § 1231(a)(1)(B).

3

not reasonably foreseeable). *Zadvydas* holds that post-removal-order detention pursuant to 8 U.S.C. § 1231(a)(6) does not authorize the Attorney General to detain an alien indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 689. After six months of post-removal-order detention, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 700-01.

Diallo alleges that he was taken into immigration custody on October 10, 2014. He was, however, ordered removed on July 31, 2015, by Immigration Judge Elizabeth Kessler and waived his right to appeal.[5] He has remained in ICE custody, subject to the final order of removal, for approximately four months. At this time he has not been detained beyond the reasonably presumptive six-month period of detention recognized by the Supreme Court in *Zadvydas*. A constitutional challenge to his continued custody is premature. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (six-month period of post-removal-order detention recognized by Supreme Court must have expired at the time the § 2241 petition is filed in order to state a claim under *Zadvydas*); *see also Ahmed v. Brott*, 2015 WL 1542131, *3 (D. Minn. 2015); *Kaisam v. Holder*, 2015, WL 1119674 JKB-15-652 (D. Md. 2015); *Rodriquez v. Aviles*, 2015 WL 4487989 (D. N.J. 2015). The undersigned thus finds that Diallo's current detention violates neither procedural nor substantive due process.

---

[5] The Office of District Counsel for ICE confirms that on August 11, 2015, Diallo filed a notice to waive an appeal from Judge Kessler's decision. Inasmuch as he waived his right to an appeal, Diallo's order of removal came final on July 31, 2015. "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon waiver of appeal by the respondent." 8 C.F.R. § 1241.1(b).

The petition for writ of habeas corpus shall be denied without prejudice to the filing of a new § 2241 petition (in a new case) **upon the expiration of the six month presumptive period** if Diallo can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. A separate Order follows reflecting this opinion.

Date: November 30, 2015

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 NOV 30 AM 11:50
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY